UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JAGDISH BAROT,**

    Plaintiff,

vs.

CASE NO. 6:08-CV-1179-ORL-31DAB

**DRS Technologies, Inc.,
formerly doing business under a subsidiary,
DRS SENSORS & TARGETING SYSTEMS, INC,**

    Defendant.

_____/

## VERIFIED COMPLAINT; DEMAND FOR JURY TRIAL

Comes now Plaintiff, Jagdish Barot, by and through undersigned Counsel, and files this Verified Complaint; Demand for Jury Trial and states:

### Count I. Make and Enforce Contracts

### 42 U.S.C. § 1981

1. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has subject matter jurisdiction over this action because of the federal civil rights law violations alleged in this Count.

2. Venue is proper in this Court because the violations of law alleged herein occurred in Brevard County, Florida.

3. Plaintiff, Jagdish Barot, is a man of color and of Indian ancestry, national origin, and ethnicity (hereinafter referred to collectively and severally as Mr. Barot's "race"); and, who is a United States citizen residing in Brevard County, Florida.

4. Defendant, DRS Technology, INC,(hereinafter "DRS"), is a foreign corporation with offices in Brevard County, Florida. Upon information and belief, Mr. Barot worked for DRS Sensors & Targeting Systems, Inc., which since has been wholly assimilated into its parent corporation, DRS, as an unincorporated division of DRS.

5. Mr. Barot worked for DRS and/or a subsidiary corporation from October 1, 2001 until his dismissal on or about May 24, 2006, as a Manufacturing Engineer.

6. Because of Mr. Barot's race, DRS intentionally and systematically deprived Mr. Barot of opportunities for advancement and obstructed his progress.

7. In relation to similarly situated white people, DRS subjected -- Mr. Barot to disparate treatment and severe and pervasive harassment, including battery, denial of medical relief from physical pain, closer scrutiny, harsher discipline, more onerous standards, withdrawal of resources and support, fewer perquisites and privileges, ostracism and marginalization, disparagement, disrespect, and a substantially more hostile working environment in other respects -- all because of Mr. Barot's race.

8. Because of Mr. Barot's race, DRS terminated Mr. Barot's employment with DRS.

9. Under Section 1981, Mr. Barot has the right to make and enforce contracts -- which includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship -- as is enjoyed by white people.

10. By failing or refusing to promote Mr. Barot or to provide the opportunity of promotion to him, and by creating and allowing a more hostile and harassing workplace for him, DRS is discriminating against Mr. Barot and denying him the same right to make and enforce

employment contracts -- which includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship -- as is enjoyed by white people, because of Mr. Barot's race.

11. In discriminating against Mr. Barot because of his race, DRS was acting with malice or callous indifference to Mr. Barot's federally protected rights.

12. Mr. Barot has been injured by DRS as a result of the violations as alleged in this Count, including pain and suffering, emotional distress, mental anguish, loss of the capacity to enjoy life, loss of sense of self-efficacy, and economic damages.

13. Because of the injuries by DRS as a result of the violations as alleged in this count, Mr. Barot demands all relief that is just and equitable, including compensatory damages, punitive damages, costs, and attorney fees as provided by 42 U.S.C. § 1988.

### Count II. Mr. Barot's Claims of Racial Discrimination in Violation of the Like Pains and Punishment Clause

### 42 U.S.C. § 1981

14. Mr. Barot realleges Paragraphs 1 through 9, and states additionally or alternatively:

15. Under Section 1981, Mr. Barot has the right to be subject to punishment, pains, penalties, and exactions of every kind like those to which white people are subjected, and to no other.

16. By failing or refusing to promote Mr. Barot or to provide the opportunity of promotion to him, by other disparate treatment, and by creating and allowing a more hostile and harassing workplace for him, DRS is subjecting Mr. Barot to punishment, pains, penalties, and

3

exactions of every kind less than those to which DRS subjects similarly situated white people; and, DRS is doing so because of Mr. Barot's race.

17. In discriminating against Mr. Barot because of his race, DRS is acting with malice or callous indifference to Mr. Barot's federally protected rights.

18. Mr. Barot has been injured by DRS as a result of the violations as alleged in this Count, including pain and suffering, emotional distress, mental anguish, loss of the capacity to enjoy life, loss of sense of self-efficacy, and economic damages.

19. Because of the injuries by DRS as a result of the violations as alleged in this count, Mr. Barot demands all relief that is just and equitable, including compensatory damages, punitive damages, costs, and attorney fees as provided by 42 U.S.C. § 1988.

## COUNT III. Mr. Barot's Claims of Retaliation under the Make and Enforce Contracts Clause

### 42 U.S.C. § 1981

20. Mr. Barot realleges Paragraphs 1 through 13, and states additionally or alternatively:

21. Mr. Barot complained of the discrimination to DRS management about racial discrimination and retaliation perpetrated against him by DRS.

22. Mr. Barot's complaints comprised protected activity under the Make and Enforce Contracts clause of 42 U.S.C. § 1981.

23. DRS took even more and harsher adverse employment actions against Mr. Barot; e.g., Mr. Barot's supervisors withdrew more support and resources, falsely and maliciously lowered his scores on his evaluations, subjected him to closer scrutiny and surreptitiously

4

monitored him, treated him with more ostracism and hostility, and treated him with even greater disrespect; in retaliation for making those complaints.

24. A reasonable employee would have found DRS's retaliatory actions materially adverse, as does Mr. Barot; i.e. that DRS's retaliatory actions against him could well dissuade a reasonable employee from protected conduct.

25. By retaliating against Mr. Barot, DRS denied Mr. Barot the same right to make and enforce employment contracts -- which includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship -- as is enjoyed by white people.

26. In retaliating against Mr. Barot, DRS acted with malice or callous indifference to Mr. Barot's federally protected rights.

27. Mr. Barot has been injured by DRS as a result of the violations as alleged in this Count, including pain and suffering, emotional distress, mental anguish, loss of the capacity to enjoy life, loss of sense of self-efficacy, and economic damages.

28. Because of the injuries by DRS as a result of the violations as alleged in this count, Mr. Barot demands all relief that is just and equitable, including compensatory damages, punitive damages, costs, and attorney fees as provided by 42 U.S.C. § 1988.

### COUNT IV. Mr. Barot's Claims of Retaliation under the Like Pains and Punishment Clause

### 42 U.S.C. § 1981

29. Mr. Barot realleges Paragraphs 1 through 9, 14 through 19, and 23; and, states additionally or alternatively:

30. Mr. Barot's complaints comprised protected activity under the Like Pains and Punishment clause of 42 U.S.C. § 1981.

31. By retaliating against Mr. Barot, DRS is subjecting Mr. Barot to punishment, pains, penalties, and exactions of every kind less than those to which DRS subjects similarly situated white people; and, DRS is doing so because of Mr. Barot's race and/or protected activity.

32. A reasonable employee would have found DRS's retaliatory actions materially adverse, as does Mr. Barot; i.e. that DRS's retaliatory actions against him could well dissuade a reasonable employee from protected conduct.

33. By retaliating against Mr. Barot, DRS denied Mr. Barot the same right to be subject to like punishment, pains, penalties, and exactions of every kind as to which white people are subjected.

34. In retaliating against Mr. Barot, DRS acted with malice or callous indifference to Mr. Barot's federally protected rights.

35. Mr. Barot has been injured by DRS as a result of the violations as alleged in this Count, including pain and suffering, emotional distress, mental anguish, loss of the capacity to enjoy life, loss of sense of self-efficacy, and economic damages.

36. Because of the injuries by DRS as a result of the violations as alleged in this count, Mr. Barot demands all relief that is just and equitable, including compensatory damages, punitive damages, costs, and attorney fees as provided by 42 U.S.C. § 1988.

37. In the event of default by DRS, Mr. Barot demands $18,000,000.00 in liquidated damages.

## Demand for Jury Trial

Mr. Barot demands trial by jury on all issues so triable.

## Verification

Pursuant to Florida Statute S 92.525 and under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true and correct.

Signed and Dated this 20th day of June, 2008, by:

_____
Jagdish Barot

Respectfully submitted by:

Mark E. Tietig, Trial Counsel
Fla. Bar No. 105465
Tietig & Tietig, P.A.
6065 South Tropical Trail
Merritt Island, FL 32952
(321) 452-9944
Facsimile: (321) 452-8942
mt@tietig.com
Attorney for Plaintiff Jagdish Barot