**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JAGDISH BAROT,**

                **Plaintiff,**

**-vs-**                                                                   **Case No. 6:08-cv-1179-Orl-31DAB**

**DRS TECHNOLOGIES, INC.,**

                **Defendant.**
_____

# ORDER

This matter came before the Court without oral argument upon consideration of Defendant's Motion to Dismiss (Doc. 6)[1] and Plaintiff's response in opposition thereto (Doc. 10).

**I. Background**

Plaintiff, Jagdish Barot, brought this action against the Defendant, DRS Technologies, Inc., alleging various counts of employment discrimination. Specifically, Plaintiff claims that Defendant violated his right to right to make and enforce contracts under 42 U.S.C. § 1981 (Count I), violated his right to be subject to like pains and punishment under 42 U.S.C. § 1981 (Count II), retaliated against Plaintiff in violation of 42 U.S.C. § 1981's protection of the right to make and enforce contracts (Count III), and retaliated against Plaintiff in violation of 42 U.S.C. § 1981's protection against like pains and punishment (Count IV). Defendant has moved to dismiss Counts II and IV on the basis that the "Like Pains and Punishment Clause" in 42 U.S.C. § 1981 does not

---

[1] Alternatively, Defendant asks the Court to construe its Motion to Dismiss as a Motion for a More Definite Statement.

apply to private employers and requires State action. Furthermore, Defendant has moved to dismiss the entire Complaint on the basis that same is "so vague and ambiguous that Defendant cannot reasonably prepare a response." (Doc. 6 at 1).

## II.  Standard of Review

In ruling on a motion to dismiss, the Court must view the complaint in the light most favorable to the Plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232 (1974), and must limit its consideration to the pleadings and any exhibits attached thereto. FED. R. CIV. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411,421 (1969). However, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (citing FED. R. CIV. P. 8(a)). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr.for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). However, a plaintiff's obligation to provide the grounds for his or her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). The

complaint's factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* at 1965.

## III. Analysis

### A. Counts II and IV - The Like Pains and Punishment Clause of 42 U.S.C. § 1981

As Plaintiff points out, Defendant has previously argued, in a separate case, that the "Like Pains and Punishment" clause of 42 U.S.C. § 1981 does not apply to private employers and requires state action. At least one Judge of this Court has already found this argument unavailing. *See* Report and Recommendation in *Grace v. DRS Sensors & Targeting Sys., Inc.*, Case No. 6:07-cv-1324-ORL-28-GJK, prepared by Magistrate Judge Kelly on September 12, 2008 [hereinafter Judge Kelly's R&R]. The Court finds Judge Kelly's R&R to be a well-reasoned and persuasive opinion. Accordingly, the Court adopts and incorporates same by reference herein. However, for the benefit of the parties, the Court reproduces portions of Judge Kelly's R&R, *infra*.

> In order to determine whether state action is required [under the "Like Pains and Punishment Clause" of 42 U.S.C. § 1981] we begin with the language of the statute. The relevant portions of Section 1981 state:
>
> **(a)   Statement of equal rights**
> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.
> \*\*\*\*\*
> **(c)   Protection against impairment**
> The rights protected by this section, are protected against impairment by nongovernmental discrimination and impairment under-color of State law.
>
> 42 U.S.C. § 1981 (a) and (c). The plain language of Section 1981 provides that no state action is required for a claim under Section 1981.

> Notably, subsection (c) of Section 1981 was added in November of 1991, which was after the sole case law relied upon by Defendants [*Mahone v. Waddle*, 564 F.2d 1018 (3d Cir. 1977)]...*Mahone* was decided in [1977]. Since November of 2001, it does not appear that any Circuit Court has held that Section 1981 requires state action, with the exception of the Eighth Circuit which was following prior precedent. In so doing, the Eighth Circuit noted that it was bound to follow its prior precedent. [*Bilello v. Come & Go, LLC*, 374 F.3d 656, 661 n. 4 (8th Cir. 2001)]. The Eight Circuit's holding in *Youngblood v. Hy-Vee Food Stores, Inc.*, 266 F.3d 851(8th Cir. 2001), that state action is required, rests on the Sixth Circuit's decision in *Chapman v. Higbee Co.*, 270 F.3d 297 (6th Cir. 2001)(vacating and scheduling for rehearing en banc); *Chapman v. Higbee Co.*, 319 F.3d 825 (6thCir. 2003)(reversing and remanding). The Eleventh Circuit has not yet addressed whether an action under the pains and punishment[] clause of Section 1981(a) requires state action. For the reasons set forth in the *Phillip* case, it appears that state action is not an element of such a claim. *See* [*Phillip v. Univ. of Rochester*, 316 F.3d 291, 294-97]. In short, the plain language of Section 1981, the legislative history, and the tortured construction that would be required to interpret Section 1981(c) as requiring [state action] otherwise persuades this Court that state action is not an element for a claim under the pains and punishment[] clause of Section 1981(a).

Judge Kelly's R&R at 6-7.

Based on the foregoing analysis, the Court concludes that Plaintiff need not plead State action in order to state a claim for relief under 42 U.S.C. § 1981(a), which applies to public and private employers alike.

### B.  All Counts

In addition to moving for dismissal of Counts II and IV, Defendant also ask this Court to dismiss the entire Complaint on the basis that the Complaint is, *inter alia*, so "incredibly vague" that it fails to satisfy even the liberal pleading requirements of FED. R. CIV. P. 8. The Court agrees. Plaintiff's Complaint is replete with nothing more than bare, conclusory allegations which fail to include any specific facts which would adequately put the Defendant on notice as to the grounds upon which Plaintiff seeks relief. *See Davis et al. v. Coca-Cola Bottling Co.*, 516 F.3d 955 (11th Cir. 2008). Plaintiff must provide the Defendant and the Court with a statement of facts which

includes more than mere speculation and rote recitation of the legal elements constituting a cause of action.

**IV. Conclusion**

For the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED**. Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on September 23, 2008.

Copies furnished to:

Counsel of Record
Unrepresented Party

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE